UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL CRUZ RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF MESA VERDE DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:25-cv-1680-TLN-CKD P<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner Angel Cruz Rodriguez is detained by Immigrations and Customs Enforcement ("ICE") and filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner now proceeds through appointed counsel. The pro se petition, respondent's answer, and petitioner's counseled reply are before the court. (ECF Nos. 1, 14, 15.) Finding no due process violation and that petitioner's current detention is authorized by 8 U.S.C. § 1231, the undersigned recommends the petition be denied.

**I.    Background**

Petitioner is a native and citizen of El Salvador whom the United States Border Patrol encountered on July 16, 2019. (See ECF No. 14-1 a 2.) Petitioner was "processed for a Notice to Appear and subsequently released on his own recognizance." (Id.)

Petitioner asserts he has been detained by ICE since September 24, 2025, and has an appeal of his immigration case pending in the United States Court of Appeal for the Ninth Circuit.

1

1  (ECF No. 1 at 5.) He alleges he has never committed any crimes in the United States, has obeyed
2  every rule and requirement given by ICE, attended all appointments, and complied with
3  monitoring programs. (Id.) Petitioner has a serious back injury which has worsened during
4  detention. (Id.) He also alleges his young child suffers from issues greatly exacerbated by his
5  detention. (Id. at 6.) Petitioner states he is not a flight risk and will comply with any conditions if
6  released. (Id.)

7  Petitioner contends his detention is in violation of his Fifth Amendment right to due
8  process of law. (ECF No. 1 at 16.) Specifically, he asserts his detention is unjustified because his
9  appeal is still pending with no final decision in the Ninth Circuit. (Id. at 6.) Petitioner requests a
10  determination that his detention is unlawful and an order that he be released unless a hearing is
11  scheduled in front of a neutral decisionmaker where the government must "establish by clear and
12  convincing evidence that Petitioner presents a risk of flight or danger," or the neutral
13  decisionmaker orders his release with "appropriate conditions of supervision." (Id. at 17.)

14  In opposition, respondents contend petitioner is subject to a final order of removal and
15  detained under 8 U.S.C. §1231(a)(6). (ECF No. 14 at 2.) They assert his detention has not
16  exceeded the presumptively reasonable six-month period established in Zadvydas v. Davis, 533
17  U.S. 678, 683 (2001). (Id. at 3.) Even if his post-removal-period detention had exceeded the
18  presumptively reasonable six-month period, respondents argue, petitioner has failed to meet his
19  burden of showing he should be released or granted a hearing because there is no significant
20  likelihood of removal in the reasonably foreseeable future. (Id. at 3-4.)

21  In the counseled reply brief, petitioner argues the factors of Mathews v. Eldridge, 424
22  U.S. 319, 334-35 (1976) favor granting the petition. (ECF No. 15 at 3-6.) In light of irreparable
23  harm caused by his continued detention, petitioner argues, the court should order his immediate
24  release rather than ordering a bond hearing. (Id. at 4-6.)[1]

---

[1] Respondents filed their response four days late. As petitioner asserts in reply, a party may waive arguments by failing to timely assert them in this court. However, Title 28 U.S.C. § 2241(c)(3) provides the habeas writ is for a person in custody in violation of the Constitution, laws, or treaties of the United States. Section 2243 provides the court shall summarily hear and determine the facts and dispose of the matter as law and justice require. It is the petitioner's burden to show that he is in custody in violation of the laws of the United States. Walker v. Johnston, 312 U.S.

**II.  Discussion**

To determine whether petitioner's detention is authorized, the court first looks to the statutory provision purporting to confer authority for his detention. See Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Petitioner does not dispute respondents' assertion that he is detained under 8 U.S.C. § 1231(a)(6).

Under 8 U.S.C. § 1231(a), there is a 90-day "removal period," during which detention is statutorily mandatory. 8 U.S.C. § 1231(a)(1), (2); Zadvydas, 533 U.S. at 683. Section 1231(a)(6), in turn, authorizes detention after expiration of the removal period, but does not mandate detention, and does not place a temporal limit on the length of detention. See 8 U.S.C. § 1231(a)(6); Zadvydas, 533 U.S. at 683. Nevertheless, "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. Six months is a presumptively reasonable time necessary to bring about a non-citizen's removal. Id. at 701; see also Johnson v. Arteaga-Martinez, 596 U.S. 573, 581-83 (2022) (holding § 1231(a)(6) does not require that bond hearings be held after six months of detention in which the government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community, but leaving the issue whether "prolonged detention" of a noncitizen without a bond hearing violates due process "for the lower courts to consider in the first instance").

The parties express no positions on when petitioner's order of removal became administratively final, which is relevant to whether petitioner is now detained under the authority of § 1231(a)(1) or § 1231(a)(6). The 90-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

---

275, 287 (1941). "The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment." Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990).

3

8 U.S.C. § 1231(a)(1)(B).[2]

An order of removal becomes "administratively final" within the meaning of 8 U.S.C. § 1231(a)(1)(B)(i) when "the agency's review proceedings" are complete. See Johnson v. Guzman Chavez, 594 U.S. 523, 535 (2021). That occurred here on February 11, 2025, when the Bureau of Immigration Appeals dismissed petitioner's appeal. (ECF No. 4-1 at 3.) Absent the circumstances in subsections (ii) or (iii) occurring, the removal period expired 90 days later, on May 12, 2025. In addition, absent the circumstances in subsections (ii) or (iii) occurring, the "presumptively reasonable" six-month period would not expire until six months from the date on which petitioner was detained, on March 24, 2026.

The court considers that petitioner's removal order is being judicially reviewed in the Ninth Circuit, and the Ninth Circuit initially ordered a stay of the removal. Those circumstances appear to meet the statutory language for 8 U.S.C. § 1231(a)(1)(B)(ii), under which the removal period begins on the date of the Ninth Circuit's final order, which has not yet occurred. See Prieto-Romero, 534 F.3d at 1060 (holding "the plain language of § 1231(a) provides no authority to detain aliens such as Prieto–Romero whose removal order is administratively—but not judicially—final"). Here, though, petitioner filed a motion which the Ninth Circuit "treated as a request to lift his temporary stay of removal" and the Ninth Circuit lifted the stay of removal. (ECF No. 14-2 ("the temporary stay of removal is lifted as to Angel De Jesus Cruz Rodriguez").) If the court finds that 8 U.S.C. § 1231(a)(1)(B)(ii) applies because the Ninth Circuit is judicially reviewing petitioner's removal order and lifted the stay of removal, then a 90-day removal period during which detention was statutorily mandated began when the stay was lifted, on January 2, 2026. (ECF No. 14-2.) See Prieto-Romero, 534 F.3d at 1060 n. 5 ("if an alien files a timely petition for review and requests a stay, the removal period does not begin until the court of appeals (1) denies the motion for a stay or (2) grants the motion and finally denies the petition for review"); see also id. (noting a stay of removal is ordinarily in place until the mandate issues).

---

[2] The Ninth Circuit has described this provision as "inartfully drafted, as one cannot say when the 'latest' of the three events will occur until those events have either taken place or it is known that they can no longer ever take place." Prieto-Romero, 534 F.3d at 1060.

In this instance, the court need not resolve whether petitioner is detained under 8 U.S.C. § 1231(a)(1) or 8 U.S.C. § 1231(a)(6). Detention under both statutory provisions "gives way to as-applied due process challenges[.]" Doe v. Becerra, 697 F. Supp. 3d 937, 943 (N.D. Cal. 2023) (discussing § 1231(a)(1)); see also Zadvydas, 533 U.S. at 693-94 ("the Due Process Clause protects an alien subject to a final order of deportation, though the nature of that protection may vary depending upon status and circumstance (citation omitted))."

Petitioner is under an order of removal, has been detained for less than six months, and the Ninth Circuit lifted the stay of his removal just over one month ago. He does not show there is no significant likelihood of his removal in the foreseeable future. See Prieto-Romero, 534 F.3d at 1064; Zadvydas, 533 U.S. at 697. His present detention[3] under 8 U.S.C. § 1231 does not qualify as unreasonably prolonged and does not violate due process. See Dhillon v. Warden of Golden State Annex Det. Facility, No. 1:25-CV-2039-KES-SKO (HC), 2026 WL 82341, at *2 (E.D. Cal. Jan. 12, 2026) ("Petitioner's near 6-month period of detention to date does not qualify as unreasonably prolonged" in violation of his Fifth Amendment due process rights). That is not to say continued detention could not violate petitioner's right to due process at some point in the future if it becomes prolonged. At this point, however, petitioner fails to show his present detention without a bond hearing violates due process.

**III.    Recommendation**

In accordance with the above, IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[3] Any claim that petitioner's initial detention or re-detention on September 24, 2025 violated due process because he was not then under a final order of removal would be moot. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (an action becomes moot when "it no longer present[s] a case or controversy under Article III, § 2 of the Constitution."); Banos v. Chestnut, No. 1:25-CV-1634 DC CSK P, 2026 WL 102699, at *5 (E.D. Cal. Jan. 14, 2026) (finding claim that non-citizen's initial re-detention violated due process had become moot where the petitioner became detained under a final order of removal under § 1231).

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 3, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 rodr1680.157